IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 20-mj-00140-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT EDDIE DAVIS,

    Defendant.

## ORDER

This matter is before the court on speedy trial issues associated with current trial settings and motions hearing.

Defendant was arraigned on September 17, 2020. The 70 day speedy trial date was calculated as November 26 2020. Therefore, trial was set for November 25, 2020 (since November 26, 2020 is the Thanksgiving Day holiday.

Motions, if any, are due to be filed on October 5, 2020 and an evidentiary hearing has been scheduled, if needed, for October 20, 2020 at 10:30 a.m. The following discussion regarding the current ongoing pandemic will not affect these dates, since court hearings in Colorado Springs are being held so long as the few people involved, together with court staff, can be appropriately socially distanced.

Trials in criminal cases, however, are a different story altogether. At the arraignment,

the parties and the court discussed that the Coronavirus Disease (COVID-19) pandemic has crippled Colorado, the United States and the world.  Beginning on March 13, 2020, Chief Judge Philip A. Brimmer entered a series of orders concerning court operations and prohibiting trials in all but certain tightly controlled selected cases.

In Denver, the court has instituted elaborate protocols for handling mandatory criminal proceedings before judges involving multiple courtrooms and video conferencing where all participants appear remotely including the judge, the courtroom deputy, an interpreter, a court reporter, counsel for each side, and clients.  That such measures are necessary to protect the health and safety of the persons involved in litigation before the court should be self-evident at this time.  Procedures for handling criminal matters are evolving with the various stakeholders including the court, the United States Attorney's Office and the Office of the Public Defender weighing in on the safest and most constitutionally appropriate ways of conducting criminal jury trials and other hearings.

At this time, all civil and criminal trials scheduled to commence prior to October 2, 2020 in any Denver courtroom have been banned unless a case has been selected to move forward as a "test" trial conducted under strict protocols).  (GO 2020-15.)  This court considers it very likely that this date will be extended at least into November 2020.  In the Colorado Springs courthouse, no jury trials may be conducted at all due to the space needs for appropriate and safe distancing absent a vaccine.  (GO 2020-11.)  This means that the jury trial scheduled in this case must be scheduled for trial in Denver, where the back up for trial settings is becoming extreme, to say the least.

The Speedy Trial Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).

There are a number of periods of delay outlined in subsection (h) of the Act that "shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence."  One such provision, Section (h)(7) states,

> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
> **(B)** The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is

>    unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>        **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161.

The President of the United States declared a state of emergency in response to the spread of COVID-19, and the Governor of the State of Colorado issued a state-wide "Stay at Home" orders for a period of time, a "Safe at Home" order urging persons of a certain age or other risk factors to limit excursions from home and issued other orders limiting gathering sizes, mask wearing and other restrictions designed to slow the spread of the disease and reduce the possibility of exposure to the virus continue to this day.  Gatherings of people continue to pose a threat to public health and safety.  The court will experience difficulty, due to various public health directives and general health concerns, obtaining an adequate cross-section of the community for jury selection, and there are difficulties in maintaining appropriate distancing between individuals during both jury trials and court trials.  These measures limit the number of jury trials, even in the larger courtrooms in Denver, to only two at any given time due to constraints on elevator usage and other considerations.  Each trial conducted requires the use of two courtrooms and the jury assembly room.  The number of cases awaiting trial given the ban on trials which has been ongoing for over six months, is growing ever larger.  With no vaccine ready for market yet, this court finds that the trial restrictions are not likely to be eased at any

point for the remainder of the year.

Given the posture of the case, the court finds that exclusion of 180 days from the speedy trial calendar must be imposed due to the pandemic and the limitation on safe space to hold a trial to a jury of twelve persons as required.   Neither party objects to the exclusion from the speedy trial clock of 180 days.   When added to the 70 days allowable time, then, trial must be set on or before May 25, 2021.

The court finds that the ends of justice served by the granting of a continuance of the trial in this case outweigh the best interests of the public and the defendant in a speedy trial.   A continuance in this case is readily accommodated and will not result in a miscarriage of justice. This case involves a Class A misdemeanor.   The defendant is not in custody and not subject to any pre-trial restrictions on his liberty.   The court further finds that empaneling a jury would be difficult during the remainder of 2020, and that other criminal cases awaiting trial for Defendants on bond or in custody must be given trial priority access to the limited facilities available.

WHEREFORE, it is **ORDERED**

1.   The jury trial scheduled for November 25, 2020 at 9:00 a.m. is **VACATED**. **Trial is reset to May 21, 2021 at 9:00 a.m. in Denver, Colorado.**

DATED this 18th day of September, 2020.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge